IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FELICIA DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-189-SMD ) |
| MARTIN J. O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) |
| Defendant. | ) ) |

# OPINION & ORDER

Plaintiff Felicia Davis ("Davis") applied for Supplemental Security Income ("SSI") on September 28, 2018, alleging she became disabled on December 2, 2009. Tr. 340-45. When Davis's application was denied at the initial administrative level, she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 159-68, 204-06. After that hearing, the ALJ found on July 8, 2020, that Davis was not disabled. Tr. 96-122, 172-86. Davis appealed the ALJ's decision to the Social Security Appeals Council (the "Appeals Council"), which granted review, vacated the ALJ's decision, and remanded the case to an ALJ for additional proceedings. Tr. 191-95. On remand, the ALJ held another administrative hearing and, on October 4, 2022, issued a second unfavorable decision. Tr. 16-36, 56-95. The Appeals Council denied Davis's request for review of the October 2022 decision. Tr. 1-7. Therefore, the ALJ's second decision became the final decision of the

---

[1] On December 18, 2023, the United States Senate confirmed Martin O'Malley as Commissioner of the Social Security Administration. Thus, the Court substitutes O'Malley for his predecessor, Kilolo Kijakazi. *See* FED. R. CIV. P. 25(d)(1).

Commissioner of the Social Security Administration (the "Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Davis now appeals that decision under 42 U.S.C. § 405(g). For the reasons that follow, the undersigned AFFIRMS the Commissioner's decision.[2]

## I.   STATUTORY FRAMEWORK

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
(4) Is the person unable to perform his or her former occupation?
(5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 9); Def.'s Consent (Doc. 10).

[3] *McDaniel* is a SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine wshether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

2

A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy the claimant can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[4] or (2) the testimony of a vocational expert ("VE").[5] *Id.* at 1239-40.

## II.    STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will

---

[4] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[5] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or sher capacity and impairments." *Phillips*, 357 F.3d at 1240.

affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the correct legal standards were applied. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied in the administrative proceedings. *Carnes v. Sullivan*, 936 F. 2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991).

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F. 2d at 1145.

### III. ADMINISTRATIVE PROCEEDINGS

Davis was 46 years old when she applied for benefits and 50 years old on the date of the ALJ's October 2022 decision. Tr. 34, 159. She has a limited education and no past relevant work experience. Tr. 34, 88-89, 374. Davis alleged disability due to bipolar disorder, manic depression, and psychosis. Tr. 373.

4

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process for Davis's disability determination. At step one, the ALJ found that Davis has not engaged in substantial gainful activity since her alleged onset date. Tr. 20. At step two, the ALJ found that Davis has the severe impairments of schizophrenia and depressive disorder (or schizoaffective disorder) and polysubstance abuse. Tr. 20. At step three, the ALJ found that, although Davis's mental impairments caused limitations that precluded all work activity, she was not entitled to benefits under the Act because her substance abuse was material to that finding. Tr. 21-31, 35. The ALJ proceeded to determine that, if Davis were to stop her substance use, she would have the RFC to perform a full range of work at all exertional levels with certain non-exertional limitations. Tr. 32-34. At step four, the ALJ found that Davis had no past relevant work experience and was a younger individual with a limited education. Tr. 34, 35. At step five, the ALJ relied on the testimony of a VE and determined that "considering [Davis's] age, education, work experience, and [RFC], there have been jobs that exist in significant numbers in the national economy that [Davis] can perform" if she stopped her substance use. Tr. 35. Accordingly, the ALJ found that Davis had not been under a disability since her alleged onset date. Tr. 35.

## IV.   DAVIS'S ARGUMENTS

Davis argues that the ALJ erred by failing to substantially complete the primary directive of the Appeals Council on remand. Pl.'s Br. (Doc. 8) pp. 4-5. As explained below, this argument fails.

V.     ANALYSIS

A claimant has the ultimate responsibility to prove a disability. 20 CFR § 416.912(a). However, an ALJ has a duty to "develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000). To demonstrate the need for remand based on an ALJ's failure to develop the record, a claimant must show prejudice. *Coven v. Comm'r of Soc. Sec.*, 384 F. App'x 949, 951 (11th Cir. 2010). Prejudice "at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley*, 761 F.2d at 1540 (citing *Smith v. Schweiker*, 677 F.2d 826, 829-30 (11th Cir. 1982)). In making this decision, a court should examine whether the record reveals "evidentiary gaps which result in unfairness or clear prejudice" to the disability determination. *Coven*, 384 F. App'x at 951 (quoting *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997)).

Here, the Appeals Council instructed the ALJ on remand to, *inter alia*, "[o]btain evidence from a consultative examination related to the nature and severity of and functional limitations resulting from [Davis's] mental impairments, including substance abuse, and addressing what limitations remain in the absence of substance abuse." Tr. 194. To comply with these instructions, the ALJ directed Davis to attend a psychiatric consultative examination both prior to and again after the hearing. Tr. 17. However, when issuing his opinion, the ALJ noted that Davis "failed to comply either time" with his directive to attend a psychiatric consultative examination. Tr. 17. Thus, the ALJ was left

without an expert opinion and therefore based his decision on the medical evidence as it existed in the file. Tr. 17.

By directing Davis to submit to two psychiatric examinations, the ALJ complied with the Appeals Council's instructions on remand. Ultimately, it is Davis's responsibility to show that she has an impairment and to demonstrate how severe that impairment is. In so doing, Davis "has a duty to cooperate in furnishing the ALJ with or helping the ALJ to obtain available medical or other evidence about [ ] her impairments." *See Levy v. Astrue*, 2008 WL 4753518, at *12 (S.D. Fla. Oct. 28, 2008). When Davis failed to participate in this process, the ALJ was permitted to make his decision on the information available. *See* 20 C.F.R. § 416.916 ("You . . . must co-operate in furnishing us with, or in helping us to obtain or identify, available medical or other evidence about your impairment(s). When you fail to cooperate with us in obtaining evidence, we will have to make a decision based on information available in your case."). As such, the Court finds that the lack of a consultative psychological examination as of the date of the ALJ's decision was the fault of Davis, not the ALJ.[6] *See Levy*, 2008 WL 4753518, at * 14 (holding that the claimant's failure to attend her ordered psychological examinations, which resulted in the lack of a

---

[6] To be sure, Davis takes issue with the ALJ's failure to explore her reasons for not attending the consultative examinations. Pl.'s Br. (Doc. 8) p. 4. Certainly, the Court would not be inclined to penalize Davis for circumstances outside of her control that could have interfered with her ability to attend the psychological examinations. But tellingly, Davis does not present the Court with any explanation for why she failed to attend both of the consultative examinations ordered by the ALJ. Thus, the Court will not assume that there was good reason for Davis's lack of participation in the disability determination process or that the ALJ was required to inquire into the same.

consultative psychological examination as of the ALJ's decision date, was the fault of the claimant, not the ALJ).

Further, to the extent Davis argues that the ALJ had a duty to develop the record by seeking medical opinion evidence through means other than a consultative examination, Davis has not shown that further development of the record would have led to a different administrative result. And importantly, because any evidentiary gap in the record was a result of Davis's nonchalance about her application, she has not shown that such a gap resulted in unfairness or clear prejudice in her disability determination. *See Levy*, 2208 WL 4753518, at *12 (finding that the record was sufficiently developed for the ALJ to evaluate the claimant's impairments based on the evidence available to the ALJ where the claimant exhibited a pattern of nonchalance about her application). As such, the Court concludes that the ALJ did not err by failing to seek medical opinion evidence outside of the consultative examinations that Davis did not attend.

## VI.     CONCLUSION

The Court finds that substantial evidence supports the Commissioner's decision. Accordingly, it is ORDERED that the Commissioner's decision is AFFIRMED. A separate final judgment will issue.

DONE this 23rd day of February, 2024.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE